**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARLON WALKER,

     Plaintiff - Appellant,

v.

SUSAN WHITE, DOC Division of Adult
Parole, in her personal capacity for
damages; GUILLERMO SAMUDIO, DOC
Division of Adult Parole, in his personal
capacity for damages; DANA MADRID,
DOC Division of Adult Parole, in her
personal capacity for damages; BRIAN
STRUZESKI, DOC Division of Adult
Parole, in his personal capacity for
damages; ED THOMAS, Member of the
Parole Board, in his personal capacity for
damages; DENISE BALAZIC, Member of
the Parole Board, in her personal capacity
for damages; PATRICIA VAN WAAK,
Member of the Parole Board, in her
personal capacity for damages; JOHN
O'DELL, Member of the Parole Board, in
his personal capacity for damages;
MICHAEL ANDERSON, Member of the
Parole Board, in his personal capacity for
damages; REBECCA OAKES, Member of
the Parole Board, in her personal capacity
for damages; ANTHONY YOUNG,
Member of the Parole Board, in his
personal capacity; BRANDON SHAFFER,
Member of the Parole Board, in his
personal capacity; ALFREDO PENA,
Member of the Parole Board, in his
personal capacity; JOE MARTIN
MORALES, Member of the Parole Board,
in his personal capacity; BECKY
LUCERO, Member of the Parole Board, in

No. 14-1380
(D.C. No. 1:13-CV-02142-RPM)
(D. Colo.)

her personal capacity for damages; JOHN
DOE, Arkansas Valley Correctional
Facility, in his personal capacity for
damages,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

Marlon Walker, a former Colorado inmate and parolee, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 civil rights action against numerous

Colorado state parole officers and members of the Colorado Parole Board (the State

Defendants).  The district court dismissed the complaint under Fed. R. Civ. P.

12(b)(6), ruling Walker failed to allege facts showing the State Defendants violated

any clearly established constitutional law and therefore failed to state a § 1983 claim.

We exercise jurisdiction under 28 U.S.C. § 1291, and affirm the dismissal, but on

different grounds because Walker's claims are time barred.

## I.  Background

The following factual allegations are from Walker's complaint.  Walker was

charged in 2005 with second degree burglary, second degree assault, criminal attempt

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

to commit sexual assault and unlawful sexual contact, and he pleaded guilty to second degree assault. He alleges that his plea agreement included the state's stipulation that there was no factual basis for a sex offense conviction. In February 2006, following an administrative review hearing, the Colorado Department of Corrections (DOC) classified Walker as an S-4 sex offender, which applies to inmates who were not convicted of a sex offense but for whom sex offender treatment has been recommended. *See Chambers v. Colo. Dep't of Corrs.*, 205 F.3d 1237, 1240 n.8 (10th Cir. 2000) (describing the S-4 sex offender classification). Colorado law then in effect gave the DOC complete discretion to classify inmates not convicted of a sex offense as a sex offender notwithstanding any contrary prosecution stipulation or court finding. Colo. Rev. Stat. § 16-22-103(1)(d) (2005); *see also Gwinn v. Awmiller*, 354 F.3d 1211, 1218 (10th Cir. 2004) (holding that an inmate not convicted of a sex offense may be classified by the DOC as a sex offender if it affords him procedural protections).[1] Walker was informed in 2007 that he was required to undergo sex offender treatment in prison. The DOC concluded in 2009, that Walker committed a disciplinary violation that further justified his sex offender classification.

---

[1] Walker makes many assertions on appeal that he was wrongfully classified as a sex offender and that the DOC did not afford him the requisite due process in so classifying him, even though he now claims he is not challenging the constitutionality of the DOC's determination to classify him as a sex offender. The State Defendants dispute those allegations, and included in their motion to dismiss the evidence of sexual misconduct that the DOC relied upon to classify Walker as a sex offender. These disputes are not relevant to the disposition of this appeal, however.

In January 2011, Walker was first released from prison on parole. He was required as a condition of his parole to enroll in a sex offender treatment program with a state contracted therapy provider, as part of which he was required to admit and accept responsibility for sexual misconduct, including passing a polygraph examination. In addition, he was required not to have contact with minors and to participate in Alcoholics and Narcotics Anonymous.[2] He was referred to a Denver treatment program, Sexual Offense Resource Services, L.L.C. (SORS). On August 10, 2011, SORS terminated Walker because he failed to accept responsibility for sexual abuse and failed a SORS polygraph examination. He alleges he was arrested for violating parole that day, and that his parole was ultimately revoked in September 2011 based on his termination from the sex offender treatment program.

Walker was later released on parole, under the same terms and conditions as his January 2011 terms and conditions of parole. He was referred to treatment with a second treatment provider, Teaching Humane Existence Treatment Program, Inc. (THE). In November 2011, THE terminated Walker from its program because he refused to admit to and accept responsibility for sexual misconduct. The therapist at THE concluded Walker had a "high risk to reoffend." Aplt. App. at 22 (internal quotation marks omitted). On December 19, 2011, his parole was again revoked

---

[2] Although these were the terms and conditions of Walker's parole, he was not statutorily required to participate in sex offender treatment under Colorado's Sex Offender Lifetime Supervision Act because he was not convicted of a sex offense. *See* Colo. Stat. § 16-11.7-105 (requiring persons convicted of sex offenses to undergo appropriate sex offender treatment).

because THE terminated him for his refusal to admit and accept responsibility for sexual misconduct.

Walker filed his § 1983 complaint on August 11, 2013. He alleged that the terms and conditions of his parole violated his First, Fifth and Fourteenth Amendment rights. *Id*. at 27-28. He also claimed that the State Defendants violated his constitutional rights by revoking his parole when he failed to comply with these unconstitutional terms and conditions. *Id*. at 28.

The State Defendants moved for dismissal under Rule 12(b)(6) on the grounds that Walker's claims were barred by the two-year statute of limitations, as well as the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994); that they were entitled to qualified immunity; and that Walker failed to allege the requisite personal participation of the State Defendants. The district court dismissed on the ground that the State Defendants were entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks omitted)).

## II. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). We review de novo the district court's

dismissal of the State Defendants' claim under Rule 12(b)(6). *See Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

The State Defendants argued in their motion for dismissal, and now on appeal that Walker's claims against the State Defendants were barred by the two-year statute of limitations. Walker argues his claims are not time-barred because he is only challenging the State Defendants' actions on and after August 2011 of revoking his parole when he did not comply with the parole terms and conditions obligating him to participate in sex offender therapy. Opening Br. at 10. He argues his § 1983 claims accrued on December 19, 2011, when his parole was revoked for a second time. We disagree with Walker, and conclude it is clear from the allegations in his complaint that his claims are time-barred as a matter of law. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (holding we may affirm on alternative grounds if "there is a record sufficient to permit conclusions of law"), and *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (holding a statute of limitations question may be appropriately resolved under Rule 12(b)(6) when the dates given in the complaint make clear that the claim is time-barred).

The statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). While state law governs the applicable statute of limitations, federal law determines when the claim accrues and when the limitations period starts to run. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). "A § 1983 action accrues when facts that would support a cause of action are or should be

6

apparent." *Fogle*, 435 F.3d at 1258 (internal quotation marks omitted). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations and internal quotation marks omitted). The claim accrues when the constitutional injury occurs, "not when the consequence of that constitutional injury . . . manifested itself." *Id*.

It is clear from his complaint that Walker knew the exact terms and conditions of parole on which his constitutional claims are based when he was paroled in January 2011. He knew then that he was required to undergo sex offender treatment with a state-contracted therapy provider, that he had to admit and accept responsibility for his sexual misconduct, submit to polygraph examinations, and avoid minors. Though he asserts he is only challenging the constitutionality of revoking his parole on and after August 2011, his complaint makes clear revocation was based solely on his failure to comply with these terms and conditions. The fact that parole was revoked after his treatment providers terminated him because he failed polygraph examinations and refused to admit and accept responsibility for his sexual misconduct was merely a consequence of the stated terms of his parole. The August 2011 decision to issue a revocation complaint, and the September and December 2011 revocation decisions were not separate and distinct constitutional injuries, but simply direct consequences of the January 2011 terms and conditions of his parole. As in *Smith*, "the constitutional injury . . . which trigger[ed] the statute of

7

limitations for purposes of § 1983, occurred when [the terms and conditions of Walker's parole were imposed], not when the consequence of that constitutional injury . . . manifested itself." 149 F.3d at 1154. Thus, we conclude that all of Walker's claims against the State Defendants are time-barred.

The judgment of the district court is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge